The document below is hereby signed. Dated: July 15, 2011.



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | Case No. 09-00414 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEPHEN THOMAS YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 10-10045 |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | **Not for Publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |
| | ) | |

MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S
MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

The debtor has filed a notice of appeal (Dkt. No. 20) from this court's order dismissing this adversary proceeding (Dkt. No 18). In lieu of paying the $250 notice of appeal filing fee, the debtor has filed a Motion for Permission to Appeal in Forma Pauperis (Dkt. No. 21). The court will deny the debtor's Motion without prejudice to the debtor's right to renew his request with the district court.

There are two potential bases under which this court can waive the notice of appeal filing fee, 28 U.S.C. § 1930(f) and § 1915.  The debtor does not qualify for waiver under either provision

Pursuant to 28 U.S.C. § 1930(f) as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court:

> may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1).  In turn, § 1930(f)(2) provides that the court may waive the type of fee at issue here for such a debtor.

The debtor's Motion states that his monthly income is $1,692 or $20,304 annualized.  The debtor's annual income is more than 150% of the applicable poverty guideline figure maintained by the Department of Health and Human Services for a one-person household living in the District of Columbia, as required for

waiver.[1]  Consequently, the debtor has not met the first requirement for waiver under 28 U.S.C. § 1930 and does not qualify for a waiver of the $250 notice of appeal filing fee under this provision.

Section 1915 of 28 U.S.C. authorizes the waiver of fees by "any court of the United States."[2]  Importantly, however, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).  The court finds that the debtor's appeal is entirely without merit, and the court thus certifies that the appeal is not taken in good faith.

The court's June 27, 2011, Order dismissing the adversary proceeding did so on the basis that the claims asserted by the

---

[1] Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ."  The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds.  Under the most recent HHS guidelines, the poverty line for a one-person household living in the District of Columbia is $10,890 per year, making 150% of the applicable poverty line $16,335.

[2] As this court has previously observed, courts are divided regarding whether a bankruptcy court has the power to grant a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See In re Richmond*, 247 Fed. Appx. 831 at *1-2 (7th Cir. 2007).  Courts disagree over whether a bankruptcy court is a "court of the United States" within the meaning of that statute. Because the debtor's appeal is not taken in good faith in any event, I need not address the issue here.

debtor in the adversary proceeding belonged to the trustee of his bankruptcy estate until such time as either the trustee abandoned them or the debtor exempted them from the estate.  Although the trustee filed a response to the District of Columbia's motion to dismiss indicating that he thought the property at issue had no value to the estate and, therefore, he would take no position with respect to the adversary proceeding, this does not constitute an abandonment of the property such as to give the debtor standing to prosecute the case.  The debtor has always been free and remains free to file a motion to compel abandonment of these claims in his bankruptcy case but has yet to do so.  The debtor may likewise seek to exempt the claims.  Until the claims are removed from the estate, however, the trustee remains the real party in interest and the debtor cannot prosecute the case.  The debtor having failed to pursue either avenue of relief, he still lacks standing and, accordingly, his appeal is without merit.  It is thus

ORDERED that the debtor's Motion for Permission to Appeal in Forma Pauperis (Dkt. No. 21) is DENIED without prejudice to renewal of the debtor's request in the district court.  It is further

ORDERED that the clerk shall transmit a copy of this order to the clerk of the district court so that the district court is aware of the debtor's failure to comply with Rule 8001(a), which

requires that a notice of appeal be accompanied by the prescribed fee.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee; Nancy Alper, Assistant Attorney General for the District of Columbia.