The document below is hereby signed.

Signed: January 3, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
STEPHEN THOMAS YELVERTON,          )   Case No. 09-00414
                                   )   (Chapter 7)
            Debtor.                )
_____)
                                   )
STEPHEN THOMAS YELVERTON,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Adversary Proceeding No.
                                   )   10-10045
DISTRICT OF COLUMBIA,              )
                                   )   Not for publication in
            Defendant.             )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE PLAINTIFF'S
MOTION TO ALTER OR AMEND DECISION PER RULE 59(e)

As discussed in the court's *Memorandum Decision on Remand*, this court dismissed this adversary proceeding based on the plaintiff Yelverton's lack of standing; the district court affirmed the dismissal in *Yelverton v. District of Columbia*, Civil Action No. 11-1467; and Yelverton cannot pursue any claims in the adversary proceeding (as opposed to pursuing the claims in a new action) because it remains a dismissed adversary proceeding. The remand to this court was not a reversal and

remand, but was instead a referral to this court of a request for relief that Yelverton improperly sought in the district court and that he should have sought (to use the district court's wording) "in the first instance" in this court.  District Court's *Order* of Sept. 6, 2013, at 2.  The remand was effectively a routing to this court of a motion, mis-filed in the district court appeal, regarding the exemption of the claims against the District, a motion that ought to have been filed in this court in the first instance.  *See* Fed. R. Bankr. P. 5005(c) ("Error in Filing or Transmittal").[1]

Yelverton's request that was routed to this court by the remand was a request to determine whether the claims had become Yelverton's by way of exemption or abandonment.  As the district court observed, the issue of whether the claims had become exempt or abandoned property *after* the dismissal had no impact on the issue on appeal: "whether Judge Teel correctly found based on the facts presented to him that Yelverton lacked standing because the property had not been abandoned or exempted."  District Court's

---

[1] Because there was nothing left to resolve in this adversary proceeding, Yelverton's request to determine whether the claims had become his by way of exemption or abandonment should have been addressed in the main bankruptcy case, Case No. 09-00414, instead.  However, because the remand order was entered incident to an order in the appeal from the dismissal order in this adversary proceeding, it was appropriate to enter this court's *Memorandum Decision on Remand* in this adversary proceeding rather than in the main case, in the interests of a clean record and procedural continuity.

*Order* of Sept. 6, 2013, at 2.  Accordingly, the district court's "remand" was not a remand to consider vacating the order of dismissal.

Yelverton's *Motion to Alter or Amend Decision Per Rule 59(e)* seeks to have the court vacate the *Memorandum Decision on Remand* on the basis that his belated exemption claim was "effective *nunc pro tunc* to the date of the initial filing of the Bankruptcy Petition.  *In Re Hope*, 231 B.R. 403, 412 (Bkrtcy. D.D.C. 1999)." Yelverton misses the critical point.  Even if the claims *have* become Yelverton's property effective as of the petition date, and he can pursue the claims in a court of competent jurisdiction, he cannot pursue them in this dismissed adversary proceeding.[2]  Even if an exemption is treated in some circumstances as effective as of the petition date, the exempted

---

[2] Yelverton may or may not be right that exemptions are effective retroactively to the petition date, but he misconstrues the observation in *In re Hope*, 231 B.R. at 412, that exemptions "are determined on the petition date" as a holding that an exemption, once allowed pursuant to 11 U.S.C. § 522(l), is effective *nunc pro tunc* as of the petition date.  The observation in *In re Hope* did not purport to hold that once an exemption is allowed, it becomes effective *nunc pro tunc* to the petition date. Instead, it was merely a recognition that the debtor's entitlement to claim property to be exempt is tested as of the date of the petition. *See Zibman v. Tow (In re Zibman)*, 268 F.3d 298, 302 (5th Cir. 2001) (whether property qualifies as exempt is "determined by the facts and the law as they exist on the date of filing the bankruptcy petition"); *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935, 937 (8th Cir. 1990) ("we focus only on the law and facts as they exist on the date of filing the petition").

claims here had not become exempt property when this court dismissed the adversary proceeding for lack of standing. As of the date of dismissal, Yelverton did *not* own the claims. The district court ruled that, on the facts before this court, the dismissal for lack of standing was proper, and it affirmed the dismissal.

When an exemption takes effect, it arguably relates back to the petition date. *Compare Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 791 (D.C. Cir. 2010) (observing that abandonment from the estate--which is analogous to exemption from the estate--has a retroactive effect, but the observation was dicta because judicial estoppel barred the debtor's assertion of the claim despite any relation back) *with United States v. Grant*, 971 F.2d 799, 804-05 (1st Cir. 1992) (en banc) (questioning whether the relation back doctrine, which arose under the Bankruptcy Act, has continuing vitality under the Bankruptcy Code).

However, it is only once the exemption takes effect that the exemption can have any such retroactive effect. *Moses*, 606 F.3d at 791. Were that not the case, the debtor in *Moses* could have defeated the defense of judicial estoppel at issue by arguing that abandonment was retroactive to the petition date and thus his prior misrepresentation that he had standing was not a misrepresentation. *See also Grant*, 971 F.2d at 805-06 (rejecting a debtor's argument that the relation back doctrine was available

4

to defend a criminal prosecution for concealing property from a trustee in bankruptcy); *In re Salander*, 450 B.R. 37, 51-52 (Bankr. S.D.N.Y. 2011) (retroactive effect of abandonment of real property to petition date did not undo a postpetition release, pursuant to an approved settlement, of claims relating to the real property).

Similarly here, the court must reject Yelverton's argument that, based on the relation back doctrine, his lack of standing at the time that this court dismissed the adversary proceeding is of no consequence. It was only after the adversary proceeding was dismissed that Yelverton amended his schedules to treat the claims as exempt, and that the claims were exempted from the estate by operation of § 522(l) when no one timely objected under Fed. R. Bankr. P. 4003(b)(1) to the claim of exemption. Any relation back (if it arose) became effective only *after* the adversary proceeding was dismissed by an order that has been affirmed on appeal. Any relation back came too late.

When Yelverton caused the claims to be exempted from the estate, the dismissed adversary proceeding was no longer a live adversary proceeding in which Yelverton could pursue the claims. It is only in a live action that the relation back doctrine can cure a lack of standing that otherwise would bar pursuit of the action. *See Barletta v. Tedeschi*, 121 B.R. 669 (N.D.N.Y. 1990) (lack of standing cured by relation back in an action that had

5

*not* been dismissed).

Yelverton fails to recognize that there must be an end to litigation regarding an issue of standing in an adversary proceeding. Yelverton was warned that standing was an issue, and then failed, after more than ample opportunity, to take steps to acquire standing to pursue the claims against the District, and failed to oppose the District's motion to dismiss for lack of standing. Not until more than a year after the order dismissing the adversary proceeding was entered did he take such steps, and that did not undo the propriety of the dismissal order, a dismissal order that remains in place. This adversary proceeding is no longer a vehicle for his pursuing his claims against the District.

It may well be that if Yelverton sues the District anew, the new action will be barred by a statute of limitations. This adversary proceeding, however, was commenced more than three years ago, and it was dismissed more than two years ago. Even if limitations would bar a new action, for this court to allow Yelverton to use this dismissed adversary proceeding as the vehicle to pursue his claims against the District would obviously be prejudicial to the District now that the claims are so stale. In any event, this court cannot disregard the district court's affirmance of the dismissal order and treat this adversary proceeding as though it had not been dismissed.

An order follows denying Yelverton's *Motion to Alter or Amend Decision Per Rule 59(e)*.

[Signed and dated above.]

Copies to: Debtor; Nancy L. Alper, Assistant Attorney General for the District of Columbia; Chapter 7 Trustee.